| | |
|---|---|
| 1 | **BURSOR & FISHER, P.A.** |
| 2 | Stefan Bogdanovich (State Bar No. 324525) |
|   | 1990 North California Blvd., 9th Floor |
| 3 | Walnut Creek, CA 94596 |
| 4 | Telephone: (925) 300-4455 |
|   | Facsimile:  (925) 407-2700 |
| 5 | E-mail: sbogdanovich@bursor.com |
| 6 | |
|   | *Attorney for Plaintiff* |
| 7 | |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| BRONSON THOMAS, individually and on behalf of all others similarly situated, | Case No.  2:26-cv-1522 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| GIANT BICYCLE, INC., | <u>JURY TRIAL DEMANDED</u> |
| Defendant. | |

Plaintiff Bronson Thomas ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Giant Bicycle, Inc. ("Defendant"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

## NATURE OF THE ACTION

1. Giant Bicycle, Inc., a California-based corporation which owns and operates an e-commerce bicycle shop, has nickel and dimed online purchasers of bicycles on its website in violation of various state consumer protection laws.

2. Whenever a consumer visits www.giant-bicycles.com (the "Website") and selects an item for purchase, they are not shown the total cost upfront. Instead, consumers are quoted an artificially low price, only for Defendant to sneak in a mandatory "Destination fee" (the "Fee") of $75.00 at the end of the shopping process. This cheap trick has enabled Defendant to swindle substantial sums of money from its customers.

3. By analogy, if consumers were to walk into a brick-and-mortar bicycle shop, see a racing bicycle listed for $1,400.00, pull the tag and take it the checkout counter, they would expect to pay $1,400.00 to the store, plus sales tax to the government. If at checkout they noticed in fine print on the credit card pad that they would *also* be charged an extra "Destination fee," of $75.00, they would reasonably be outraged. And yet this is exactly what Defendant does every day through its online bicycle store.

4. This practice is known known as drip pricing. "Businesses engage in drip pricing by advertising products at artificially low headline price and then disclosing additional charges later in the buying process." *Harvey v. World Mkt., LLC*, No. 25-cv-01242-CRB, 2025 WL 1359066, at *1 (N.D. Cal. May 9, 2025). Drip pricing has long violated various state laws. "California banned bait and switch in consumer transactions when it passed the Consumers Legal Remedies Act (the

'CLRA') in 1970." *Mansfield v. StockX LLC*, 802 F. Supp. 3d 1143, 1148 (N.D. Cal. 2025) (citation omitted). "A common form of bait and switch is drip pricing." *Id*.

5. That said, in recent years, given the proliferation of drip pricing on online e-commerce platforms, various states began passing laws specifically prohibiting drip pricing. In California, legislators expressed concerns that "Consumers [subject to drip pricing] are often misled and kept from properly assessing the best prices, thereby hindering the market, especially online." *Mansfield*, 802 F. Supp. 3d at 1148 (quoting California Senate Rules Committee Analysis (Sept. 11, 2023) (S.B. 478)). So effective July 1, 2024, California Civil Code § 1770(a)(29)(A) makes it unlawful to "[a]dvertis[e], display[], or offer[] a price for a good or service that does not include all mandatory fees or charges other than either" "[t]axes or fees imposed by a government on the transaction" or "[p]ostage or carriage charges that will be reasonably and actually incurred to ship the physical good to the consumer."

6. For these reasons, Plaintiff seeks relief in this action individually and on behalf of all other purchasers for reasonable attorneys' costs and fees and injunctive relief under California Civil Code §§ 1770(a)(29)(A) and 1770(a)(9).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because this is a class action where there are more than 100 members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one member of the putative Classes is a citizen of a state different from Defendant.

8. This Court has personal jurisdiction over Defendant because Defendant is headquartered in this district, at 3587 Old Conejo Road, Newbury Park, CA 91320.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant resides in this District.

## PARTIES

10. Plaintiff Bronson Thomas ("Plaintiff") is an individual consumer who, at all times material hereto, was a citizen and resident of Lompoc, California.

11. Plaintiff purchased a STANCE 29 2 (Product Code 2201006207), PATH MIPS MENS HELMET (Product Code 800002478), and ORIGINAL MTB PLATFORM PEDAL (Product Code 230000087) on November 28, 2025 from the Website. He encountered a purchase flow substantially similar to the one depicted in this complaint. He was initially quoted a price of $1,400.00 for the STACE 29 2 and $28.00 for the PATH MIPS MENS HELMET, with the ORIGINAL MTB PLATFORM PEDAL included as free, but after clicking through various screens, Defendant subtly added a "Destination fee" of $75.00 to the checkout screen. The fee was mandatory because Plaintiff could not purchase the products from Defendant's Website without paying the fee. Plaintiff was charged this fee even though he selected to pick up his items from the store.

12. At the time Plaintiff purchased his products, he was not aware that Defendant's practices were unlawful under California law. Plaintiff was not browsing websites in search of legal violations. Plaintiff was instead browsing because he sincerely intended to purchase products, and he in fact did purchase products from Defendant.

13. Defendant Giant Bicycle, Inc. ("Defendant") is a Virginia corporation with its principal place of business in Newbury Park, California. Defendant offers for purchase bikes and cycling gear throughout the United States, including in the state of California. Defendant owns and operates the universally accessible, interactive website www.giant-bicycles.com, which accept orders from all the United States and deliver products to all the states, including California, as part of its regular course of business.

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED    3

# FACTUAL ALLEGATIONS

*California's Honest Pricing Law*

14. Effective July 1, 2024, California enacted California Civil Code § 1770(a)(29)(A), which provides that "[a]dvertising, displaying, or offering a price for a good or service that does not include all mandatory fees or charges other than either … [t]axes or fees imposed by a government on the transaction[]" and "[p]ostage or carriage charges that will be reasonably and actually incurred to ship the physical goods to the consumer[]" is unlawful.

15. According to the California Attorney General's Office, "[a] business can exclude shipping charges, but not handling charges" or other incidental items bundled with shipping.[1] "Like any other mandatory fee or charge, a handling charge must be included in the advertised price."[2] To that end, the only non-governmental charge a business can impose at a later stage of the transaction is "Postage or carriage charges that will be reasonably and actually incurred to ship the physical good to the consumer." Cal. Civ. Code § 1770(a)(29)(A)(ii).

16. As Senator Bill Dodd, a co-author of SB 478, stated in describing this new law: "Californians are fed up with dishonest fees being tacked on to seemingly everything … It's an underhanded trick to boost corporate profits at the expense of those who can least afford it. Our bill will end these unfair practices and put the consumer first, leveling the playing field for reputable businesses that advertise the real price up front."[3]

---

[1] OFFICE OF THE ATTORNEY GENERAL, CAL. DEP'T OF JUSTICE, *SB 478 Frequently Asked Questions*, https://oag.ca.gov/system/files/attachments/press-docs/SB%20478%20FAQ%20%28B%29.pdf.

[2] *Id*.

[3] OFFICE OF THE ATTORNEY GENERAL, CALIFORNIA DEP'T OF JUSTICE, *Attorney General Bonta Calls for California Legislature to Ban Hidden Fees (AKA Junk Fees)* (May 16, 2023), https://oag.ca.gov/news/press-releases/attorney-general-bonta-calls-california-legislature-ban-hidden-fees-aka-junk (last visited Dec. 24, 2024).

17. And according to Attorney General of California Rob Bonta, "[w]e can and should stop the fleecing of consumers. We can and should stop the imbalance in the marketplace."[4]

***Giant's Hidden Fee***

18. When a shopper navigates to Defendant's Website, they are greeted with a homepage from which they can browse for bikes and cycling gear.



*Figure 1*

---

[4] *Id.*

19. Each listing includes the advertised price of the item below the name of the item. For example, in the image on the next page, the Propel Advanced SL is listed for $13,000.00.



*Figure 2*

20. If a shopper selects the Propel Advanced SL, the advertised price of $13,000.00 is again listed on the individual product page.



*Figure 3*

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                                    6

21. It is again listed when the shopper adds the item to their cart, as shown in Figure 4 (red markings added).



*Figure 4*

22. It is not until a shopper views the checkout page for the product that the added "Destination fee" of $75.00 is snuck in. *See* Figure 5 below, red markings added.



*Figure 5*

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                          7

23. In other words, the total price is *never* disclosed before a user reaches the final step in the checkout process prior to placing an order. Thus, Defendant is "[a]dvertising, displaying, or offering a price for a good … that does not include all mandatory fees or charges" in violation of California Civil Code § 1770(a)(29)(A).

24. The Fee is mandatory because there is *no way* to purchase a product on the Website without paying the Fee. Defendant will *still* charge a Destination fee even if the customer selects to pick up the bike in store. *See* Figure 6, red and black markings added.



*Figure 6*

25. The "Destination" fee is not a "[t]ax[] or other fee[] imposed by the government on the transaction." California Civil Code § 1770(a)(29)(A)(i).

26. The "Destination" fee is not a "postage or carriage charge[] that will be reasonably and actually incurred to ship the physical goods to the consumer." California Civil Code § 1770(a)(29)(A)(ii). This is because it is charged even though the bike is picked up at the store. If a consumer selects the "Home Delivery," Defendant charges as separate $50.00 Delivery Option Charge *on top of* the Destination Fee. *See* Figure 7, next page, red and black markings added.



*Figure 7*

## CLASS ALLEGATIONS

27. **Nationwide Class**: Plaintiff seeks to represent a class defined as all individuals in the United States who purchased items using Defendant's website on or after February 12, 2023 and paid a "Destination" fee (the "Nationwide Class"). Excluded from the Nationwide Class is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

28. **California Class**: Plaintiff seeks to represent a class defined as all individuals in California who purchased items using Defendant's website on or after February 12, 2023 and paid a "Destination" fee (the "California Class"). Excluded from the California Class is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

29. **Nationwide Honest Pricing Law Subclass**: Plaintiff seeks to represent a subclass defined as all individuals in the United States who purchased items using Defendant's website on or after July 1, 2024 and paid a "Destination" fee (the "Nationwide Subclass"). Excluded from the Nationwide Honest Pricing Law Subclass is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

30. **California Honest Pricing Law Subclass**: Plaintiff seeks to represent a subclass defined as all individuals in California who purchased items using Defendant's website on or after July 1, 2024 and paid a "Destination" fee (the "California Subclass"). Excluded from the California Honest Pricing Law Subclass is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

31. Members of the Classes are so numerous that their individual joinder herein is impracticable. Members of the Classes likely number in the thousands. The precise number of Class members and their identities are unknown to Plaintiffs at this time but may be determined through discovery. Members of the Classes may be notified of the pendency of this action by mail, email, and/or publication through the distribution records of Defendant.

32. Common questions of law and fact exist as to all members of the Classes and predominate over questions affecting only individual members. Common legal and factual questions include, but are not limited to, whether Defendant failed to include all mandatory fees or charges when advertising, displaying, or offering a price for the items for purchase, in violation of California Civil Code § 1770(a)(29)(A), and whether Defendant advertised goods or services with intent not to sell them as advertised, in violation of California Civil Code § 1770(a)(9). The claims of the named Plaintiff are typical of the claims of the Classes in that the named Plaintiff and the Classes sustained damages as a result of Defendant's uniform wrongful conduct, based upon Defendant failing to include all

mandatory fees or charges in the advertising, displaying, or offering a price for the items, throughout the online item purchase process.

33. Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the Classes and members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of members of the Classes will be fairly and adequately protected by Plaintiff and his counsel.

34. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of members of the Classes. Each individual member of the Classes may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits off single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### California Civil Code § 1770(a)(29)(A)
**(On Behalf of the Nationwide and California Subclasses)**

35. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

36. Plaintiff brings this claim individually and on behalf of the members of the Nationwide and California Subclass against Defendant.

37. Defendant owns, operates, or controls the Website, where consumers can purchase bicycles and cycling gear.

38. Defendant violated California Civil Code § 1770(a)(29)(A) by "[a]dvertising, displaying, or offering a price for a good or service that does not include all mandatory fees or charges" on the product screens depicted in Figures 2-4 of this complaint.

39. Defendant's "Destination" fee is a "mandatory fee[] or charge[]" that must be paid in order to purchase the item. Cal. Civ. Code§ 1770(a)(29)(A). What is more, for in-store pick up transactions, Defendant's Destination fee is not a "[p]ostage or carriage charge[] that will be *reasonably* and actually incurred to ship the *physical good to the consumer*." Cal. Civ. Code § 1770(a)(29)(A)(ii) (emphasis added). For starters, if a consumer selects the in-store pick-up option, the physical good is not being shipped "to the consumer," but *to the store*. A consumer still needs to get into a car, pick up the item, and take it back to them. Nor is defendant shipping fee for in-store pick-ups "reasonable." After all, reasonable consumers that purchase items in stores almost never pay a shipping fee, even though virtually every item in the store's inventory was necessarily manufactured elsewhere and shipped to the store before being offered for sale. Moreover, it is unclear whether an item that is being selected for pick up at one of Defendant's partner stores needed to be shipped to the store prior to the consumer choosing to buy it, or whether it was already in stock at that physical location when the consumer placed her order.

40. Plaintiff and Subclass members were harmed because they paid Defendant's unlawful Destination fee. Because the total cost was not disclosed to Plaintiff and Subclass members at the beginning of the purchase process, the resulting Destination fee that was applied was unlawful pursuant to California Civil Code § 1770(a)(29)(A).

41. Plaintiff and Subclass Members were also harmed by not having the total cost of their products disclosed upfront at the start of the purchase process. By not knowing the total cost before selecting a product for purchase from Defendant, Plaintiff and Subclass Members could not shop around for items at other retailers. As

1  such, Plaintiff and Subclass Members had no way of knowing whether they were
2  getting the best deal that their money could buy. By hiding its Destination Fee,
3  Defendant was able to reduce price competition and cause consumers like Plaintiff
4  and Subclass members to overpay.

5        42.    Plaintiff and Subclass members relied on Defendant's false and
6  misleading representations that the cost of its products did not include the
7  Destination Fee in choosing to purchase its products.

8        43.    On behalf of himself and members of the Nationwide and California
9  Subclasses, Plaintiff seeks to enjoin the unlawful acts and practices described herein
10 and reasonable attorneys' fees. *See* Cal. Civ. Code § 1780.

## COUNT II
## California Civil Code § 1770(a)(9)
### (On Behalf of the Nationwide and California Classes)

13       44.    Plaintiff repeats the allegations contained in the foregoing paragraphs as
14 if fully set forth herein.

15       45.    Plaintiff brings this claim individually and on behalf of the members of
16 the Nationwide and California Classes against Defendant.

17       46.    Defendant violated California Civil Code § 1770(a)(9) by "[a]dvertising
18 goods … with intent not to sell them as advertised." Specifically, Defendant
19 advertised and expressly represented the price of their products with intent not to sell
20 them at the advertised price.

21       47.    Plaintiff and Class Members were harmed because they paid
22 Defendant's unlawful Destination fee. This fee was rendered unlawful by
23 Defendant's failure to timely disclose it.

24       48.    Plaintiff and Class Members were also harmed by not having the total
25 cost of their products disclosed upfront at the start of the purchase process. By not
26 knowing the total cost before selecting a product for purchase from Defendant,
27 Plaintiff and Class Members could not shop around for items at other retailers. As
28

such, Plaintiff and Class Members had no way of knowing whether they were getting the best deal their money could buy. By hiding its Destination Fee, Defendant was able to reduce price competition and cause consumers like Plaintiff and Class members to overpay.

49. Plaintiff and Class members relied on Defendant's false and misleading representations of the advertised cost of its products in choosing to purchase its products.

50. As detailed in the body of this Complaint, Defendant has repeatedly engaged in conduct deemed a violation of the CLRA and has made representations regarding the price of the items on its Website which are false due to the uniform imposition of the Fee described herein. Indeed, Defendant concealed the true price of the items, and the true nature of the Fee it was charging on each purchase, from Plaintiff and Class members on initial stages of the transaction, as illustrated on Figures 2-4.

51. No reasonable consumer would expect the price advertised by Defendant to include an unlawful Fee in addition to lawful sales tax and shipping costs. *See Watson v. Crumbl LLC*, 736 F. Supp. 3d 827, 845-46 (E.D. Cal. 2024) ("Plaintiffs have sufficiently alleged [Defendant] advertises one price for its products while also surreptitiously charging a higher price by adding the Service Fee. Thus, Plaintiffs have sufficiently alleged [Defendant] advertises their goods with the intent not to sell them as advertised.").

52. Defendant does not provide services that would lead reasonable consumers to expect the imposition of the Destination Fee, and Defendant does not disclose the Destination Fee anywhere before customers reach the screens depicted in Figures 5 and 6 of this complaint. Further, reasonable consumers would likewise not expect to be charged a separate Destination Fee if they selected the in-store pick-up option. After all, reasonable consumers that purchase items in stores almost never pay a similar fee, even though virtually every item in the store's inventory was

necessarily manufactured elsewhere and shipped to the store before being offered for sale.

53. Defendant willfully employed a scheme designed to advertise a price that is not the true cost of its products, and did so willfully, wantonly, and with reckless disregard for the truth.

54. On behalf of himself and members of the Nationwide and California Classes, Plaintiff seeks to enjoin the unlawful acts and practices described herein and reasonable attorneys' fees. *See* Cal. Civ. Code § 1780.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the members of the Classes, prays for judgement as follows:

A. For an order certifying the Classes and Subclasses under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Classes and Subclasses and Plaintiff's attorneys as Class Counsel to represent the Classes and Subclasses;

B. For an order declaring that Defendant's conduct violates the statutes referenced herein;

C. For an order finding in favor of Plaintiff and the Classes and Subclasses on all counts asserted herein;

D. For prejudgment interest on all amounts awarded;

E. For an order of restitution and all other forms of equitable monetary relief;

F. For injunctive relief as pleaded or as the Court may deem proper; and

G. For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

## **JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all claims so triable.

Dated: February 12, 2026        **BURSOR & FISHER, P.A**.

By:  /s/ *Stefan Bogdanovich*
       Stefan Bogdanovich

Stefan Bogdanovich (State Bar No. 324525)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: sbogdanovich@bursor.com

*Attorney for Plaintiff*